1 | JOHN L. BURRIS, Esq./ State Bar #69888
2 | BENJAMIN NISENBAUM, Esq./State Bar #222173
  | LAW OFFICES OF JOHN L. BURRIS
3 | Airport Corporate Centre
  | 7677 Oakport Street, Suite 1120
4 | Oakland, California 94621
  | (510) 839-5200
5 | Attorney for Plaintiff



FILED
APR 0 7 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7 | UNITED STATES DISTRICT COURT
8 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | RITA BALDWIN, J.C., by and through his
   | Guardian Ad Litem, RITA BALDWIN,
11 |                                    Plaintiffs,

Case No.



C06-02467

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS,
JURY TRIAL DEMANDED

12 | vs.
13 |
14 | CHARLES DANGERFIELD, individually, and
   | in his capacity as an agent for the Department of
15 | Corrections; JASON LARA, individually and in
   | his capacity as an agent for the Department of
16 | Corrections; JOHN JEFFERSON, individually
   | and in his capacity as an agent for the
17 | Department of Corrections; MIKE NELSON,
   | individually and in his capacity as a police
18 | officer for the City of Morgan Hill; and DOES
19 | 1-25, inclusive,
20 |                                    Defendants.
21 |                                                /
22 |
23 |                    JURISDICTION
24 | 1.   This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction
25 | is conferred upon this Court by Title 42 of the United States Code, Sections 1331 and 1343. The
26 | unlawful acts and practices alleged herein occurred in the City of Morgan Hill, California, which is
27 | within this judicial district.
28 |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

PARTIES

2. Plaintiff herein, RITA BALDWIN, is and was at all times herein mentioned a citizen of the United States residing in the City of Morgan Hill in California.

3. Plaintiff herein, J.C., is a minor represented by his mother and Guardian Ad Litem, RITA BALDWIN, and is and was at all times herein mentioned a citizen of the United States residing in the City of Morgan Hill in California.

4. At all times mentioned herein, Defendant CHARLES DANGERFIELD ("DANGERFIELD") was employed as an agent for the California Department of Corrections. He is being sued individually and in his official capacity as an agent for the California Department of Corrections.

6. At all times mentioned herein, Defendant JASON LARA ("LARA") was employed as an agent for the California Department of Corrections. He is being sued individually and in his official capacity as an agent for the California Department of Corrections.

7. At all times mentioned herein, Defendant JOHN JEFFERSON ("JEFFERSON") was employed as an agent for the California Department of Corrections. He is being sued individually and in his capacity as an agent for the California Department of Corrections.

8. At all times mentioned herein, Defendant Officer MIKE NELSON was employed as a police officer for the City of Morgan Hill. He is being sued individually and in his capacity as a police officer for the City of Morgan Hill.

9. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

10. In engaging in the conduct described herein, Defendant police officers and agents acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers and agents exceeded the

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 2

authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

11. On July 6, 2004, at about 4:45 p.m. three undercover agents from the State of California Department of Corrections (Defendants DANGERFIELD, LARA, and JEFFERSON) and a Morgan Hill police officer (Defendant NELSON) demanded entry into Plaintiffs' residence located at 16785 Oakview Circle in Morgan Hill, California. Minor Plaintiff J.C., who was fourteen years old at the time, answered the door and Defendants entered the residence. Minor Plaintiff J.C. had not provided consent for Defendants' entry. Plaintiffs allege that Defendants failed to take reasonable measures to obtain permission to enter the residence.

12. Plaintiff RITA BALDWIN saw the Defendants in her hallway near the front door. Plaintiff initially feared that she was being robbed. Defendant Officer NELSON asked Plaintiff BALDWIN if she knew a man named "Boscovich". Plaintiff replied that she is a bankruptcy attorney and that Mr. Boscovich could be a potential client. The officers asked to search her residence, and Plaintiff BALDWIN consented to the search, only because Defendants had already entered her home.

13. Defendants then told Plaintiff BALDWIN that she had called an escaped felon's brother within the previous few minutes. Plaintiff BALDWIN explained that in her job she makes numerous phone calls and had made a series of calls to potential clients. Plaintiff BALDWIN had gardeners at her home working on her yard when Defendants arrived. Inexplicably, Defendants ordered the gardeners to leave her home and to never return. The gardeners never returned.

14. Plaintiff BALDWIN was shocked humiliated by the entry, detention and search by Defendants. One of her neighbors asked Defendants what they were doing and Defendants made no verbal response. Defendants left the residence about half an hour after they entered. They found no evidence of wrongdoing. No one in Plaintiffs' residence had committed any crime. Plaintiffs allege that defendants had no reasonable basis to believe that any criminal activity had occurred in the residence.

15. Defendants never showed Plaintiff a search warrant, and they never alleged to be in possession of a search warrant. Plaintiff called the Morgan Hill Police Department after Defendants left her home to verify that Defendants were in fact real police officers and to try and find out why Defendants entered her home without a search warrant. Plaintiff was told by the Police Captain she spoke with that Defendants had made a mistake.

16. Plaintiffs suffered emotional distress proximately caused by the violation of their civil rights by law enforcement officers. Plaintiffs allege that Defendants conduct was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said Defendants.

17. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants DANGERFIELD, LARA, JEFFERSON, NELSON, and DOES 1-25)

18. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of herein, Defendants DANGERFIELD, LARA, JEFFERSON, NELSON, and DOES 1 through 25, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

Constitution;

    c.    The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d.    The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

    e.    The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

20.    Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $25,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Dated: October 5, 2005                      The Law Offices of John L. Burris

/s/
John L. Burris
Attorney for Plaintiff